UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROCKEY BURNHAM (#351000), Plaintiff | CIVIL ACTION NO. 1:17-CV-399-P |
| VERSUS | CHIEF JUDGE DRELL |
| SCOTT FRANKLIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Rockey Burnham ("Burnham") (#351000). Burnham is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Burnham complains that he was denied adequate medical care when he was housed at Lasalle Correctional Center ("LCC"). Burnham names as defendants Scott Franklin and Warden Fredricks. Burnham seeks injunctive relief in the form of a transfer to EHCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.   Background

Burnham alleges that he suffered an infection in his jaw, which required surgery. Burnham saw a doctor at LCC, who recommended that Burnham be evaluated by an oral surgeon. (Doc. 1, p. 3). The following month, Burnham filed a grievance because he had not seen the oral surgeon. (Doc. 1, p. 3). Several months

later, Burnham filed another grievance. Nurse Gwen informed the warden that the DOC rejected LCC's request that Burnham see a surgeon. (Doc. 1, p. 5). The warden scheduled another appointment for Burnham with the LCC doctor, who advised that Burnham would be transferred to EHCC for treatment. As of the date of filing— March 14, 2017—Burnham had not been transferred.

However, Burnham's application to proceed *in forma pauperis* was mailed from Burnham at EHCC and was signed by an EHCC officer. (Doc. 5-1, pp. 1-2). Thus, by April 4, 2017, Burnham had been transferred to EHCC.

## II.    Law and Analysis

### A.    Burnham's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Burnham is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Burnham's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Burnham's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.    Burnham is not entitled to the relief requested, and his claim is moot.**

Burnham requests a transfer to EHCC. A prisoner has no constitutional right to be housed in a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Therefore, Burnham's complaint is subject to dismissal under §§ 1915(e)(2)(B) and 1915A(b).

Moreover, Burnham has received the relief requested. Burnham has been transferred to EHCC. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001) (citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). Any suggestion of relief based on the possibility of Burham's transfer back to LCC without receiving medical care is too speculative to warrant relief. See Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987).

## III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Burnham's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  2nd  day of June, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4